UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LINDA HARRIS,**

               Plaintiff,

v.

**THERAPY MANAGEMENT, INC.,**

               Defendant.

Case No.

Hon.

_____/

Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorney for Plaintiff*
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

**NOW COMES** Plaintiff, **LINDA HARRIS**, for her Complaint against Therapy Management, Inc., stating the following:

## INTRODUCTION

1. Plaintiff Linda Harris was employed with Defendant Therapy Management, Inc. or an associated company as a certified occupational therapy assistant for decades until they began phasing out older employees and replacing them with recent

younger recent college graduates. Plaintiff became concerned when a new employee (age est. 23-27) was hired in her same position. Likewise, Plaintiff's supervisor also commented that she was not the same as she used to be. Defendant terminated Plaintiff a few days later allegedly due to a violation witnessed by a state inspector.  Although three employees were involved in the incident, only Plaintiff was terminated.  The only distinguishing factor between Plaintiff and the other employees was that she was significantly older.  On information and belief, Plaintiff, age 72, was the oldest employee at the facility.

Within this Complaint, Plaintiff alleges that she received unequal treatment and was ultimately terminated based on her age in violation of her rights under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* and Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

## **PARTIES**

2.      Plaintiff Carinne Linda Harris is a seventy two year old woman who was employed with Defendant and resides in Washtenaw County, Michigan.

3.      Defendant Therapy Management, Inc. is a domestic profit corporation headquartered with a registered business address in Plymouth, MI.  Therapy Management, Inc. operates a location and Plaintiff was employed in Wayne County, Michigan.

## JURISDICITON AND VENUE

4. The jurisdiction of this Court over this controversy is based on 28 U.S.C. § 1337, to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").

5. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

7. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) as a significant amount of the acts and omissions giving rise to this complaint occurred in Wayne County.

## GENERAL ALLEGATIONS

8. Plaintiff Linda Harris is a seventy-two year old woman. Plaintiff is a member of a protected class based on her race.

9. Plaintiff is licensed as an occupational therapy assistant with the State of Michigan.

10. Plaintiff worked with the parent company of Defendant Therapy Management, Inc. ("TMI"), the Diamond Group, in some capacity since 1996.

11. After twenty-two years, Plaintiff transferred to a full-time occupational therapy assistant position directly with TMI in December 2016. In this position, Plaintiff was assigned to a single location.

12. Plaintiff was assigned by TMI at the Riverview Nursing Home in Detroit ("Riverview").

13. On information and belief, Plaintiff was the oldest employee of TMI at Riverview.

14. During her employment with TMI, Plaintiff observed older employees routinely being phased out or otherwise terminated only to be replaced by younger recent college graduates.

15. Similarly, TMI almost exclusively hired younger college grads when new positions opened up.

16. Additionally, Plaintiff observed the older nurses being shipped out to other locations for coverage when additional nurses were needed at a higher rate than the younger nurses.

17. At Riverview, Plaintiff was supervised by an individual named "Ragu" of whom she had previously worked with.

18. Ragu made age related comments to Plaintiff including telling her that she was "not the same as she used to be."

19. On November 16, 2018, Plaintiff was assigned to care for a comatose patient ("Patient") along with a younger physical therapist named Kaylen (estimated age 23-25). Plaintiff and Kaylen went to care for the patient together. Upon arrival, they learned the patients feeding tube had come loose causing spillage. Plaintiff exited the room to notify a nurse and to pick up clean linens to return to the room.

20. Plaintiff returned to the room, along with the nurse (estimated age 30-40) and Kaylen, to because cleaning and carrying for the Patient.

21. The Patient was the only patient in the room. The curtain was closed in the room while the three staff attended to the Patient but a portion of it was caught on a tray table.

22. At this point, a state inspector happened to walk by and observe what was occurring. The state inspector asked the group why the door was not closed. At this point, the group closed the door.

23. The three employees finished cleaning the Patient. After, Plaintiff walked a bag containing the dirty linens to the laundry room.

24. At this point, Plaintiff was approached by the state inspector who inquired the names of Plaintiff, Kaylen, and the attending nurse. Plaintiff provided him the requested info.

25. After, Plaintiff walked down to Ragu's office to notify him of what had happened with the state inspector.

26. Plaintiff then went on to care for another patient which she was assigned. Shortly after, Ragu called Plaintiff into the therapy office. Ragu informed the Plaintiff that she was to collect her belongings and that she was being walked out of the building and terminated.

27. The younger employees associated with the incident were not terminated and, on information and belief, received no form of discipline.

28. A few days prior to the termination of Plaintiff, TMI hired a younger graduate to work in Plaintiff's exact position and job duties.

29. Plaintiff submitted formal charges of discrimination with the Equal Employment Opportunity Commission. On or around January 6, 2020, Plaintiff was issued her right to sue allowing her to bring the present lawsuit. *(Exhibit A)*

## COUNT I
## AGE DISCRIMINATION – ADEA

30. All preceding paragraphs are incorporated by reference.

31. Plaintiff is seventy-two years old and a member of a protected class based on her age.

32. At all times relevant to this action, Defendant was an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

33. Under the ADEA, Defendant is prohibited from limiting, segregating or classifying an employee in a way that deprives or tends to deprive the employee of an employment opportunity because of the individual's age, or to otherwise discriminate

against an individual with respect to employment, compensation, or a term, condition or privilege of employment because of the individual's age.

34. Plaintiff was disciplined and terminated while performing at the same level as younger comparators and allegedly engaging in the same conduct as younger employees.

35. In violation of the statutory duties set forth in the ADEA, Defendant treated Plaintiff disparately because of her age when it terminated her from employment because of her age.

36. In violation of the statutory duties set duties set forth in the ADEA, Defendant discriminated against Plaintiff when it target ed her for termination as part of a company-wide employment practice that enabled management to eliminate employees on the basis of their age.

37. In further violation of its duty, the utilization of the corporate-wide employment practice resulted in older individuals receiving less-favored treatment than similarly-situated younger employees, resulting in her termination from employment.

38. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, benefits, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation

and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and has incurred attorney fees.

## COUNT II
## AGE DISCRIMINATION
## ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et. seq.*

39. All preceding paragraphs are incorporated by reference.

40. At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*. ("ELCRA").

41. Under the ELCRA, Defendant had a duty to Plaintiff not to discriminate against her with respect to her employment, compensation, or terms, conditions or privileges or employment because of Plaintiff's age.

42. Notwithstanding said duties and the willful violation thereof, Defendant violated Plaintiff's civil rights by treating and disciplining her differently than similarly situated younger employees and terminating her because of her age.

43. Plaintiff's age was a factor that made a difference in Defendant's decision with treatment and discipline to Plaintiff, including her termination.

44. Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

45. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of

8

vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful practices in violation of the ADEA and the ELCRA;

b. Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c. Award Plaintiff appropriate equitable relief;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff exemplary damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorney fees, costs and interest; and

h. Award such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Jack W. Schulz
Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LINDA HARRIS,**

        Plaintiff,

v.

**THERAPY MANAGEMENT, INC.,**

        Defendant.

Case No.

Hon.

_____/

Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorney for Plaintiff*
_____/

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Linda Harris hereby demands for a trial by jury.

        Respectfully submitted,

        By: /s/ Jack W. Schulz
        Jack W. Schulz (P78078)
        SCHULZ GOTHAM PLC
        PO Box 44855
        Detroit, MI 48244
        (313) 246-3590
        jackwschulz@gmail.com
        *Attorney for Plaintiff*